UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-RJC

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| McCOY MOTORS, LLC et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER WITHDRAWING ADVERSARY PROCEEDING AND FINDING PROBABLE CAUSE FOR CRIMINAL CONTEMPT

**THIS MATTER** is before the Court on the Order of the Bankruptcy Court Recommending Withdrawal of Reference of Adversary Proceeding No. 18-03036 for Further Civil, and Potentially Criminal, Contempt Proceedings, (Doc. No. 1), and the Supplemental Order, (Doc. No. 2). In these Orders, the United States Bankruptcy Judge, recommends that this Court withdraw reference of this adversary proceeding in its entirety pursuant to 28 U.S.C. § 157(d) to conduct further civil and criminal contempt proceedings against Defendants—McCoy Motors, LLC ("McCoy Motors"), Robert McCoy, Jr. ("McCoy"), and Misty McCoy.

Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for a definite period or a punitive monetary penalty in the case of a

1

corporation), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631–36 (1988); International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994). Unlike the standard for civil contempt which need only be shown by "clear and convincing evidence," criminal contempt must be shown 'beyond a reasonable doubt." The Court of Appeals for the Fourth Circuit has held as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. See Bagwell, 512 U.S. 821, 830–31, 114 S. Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, Federal Practice and Procedure § 2960, at 380 (2d ed. 1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004).

The Court has considered the Orders by the Bankruptcy Judge, reviewed the record and docket in the Bankruptcy Court, and determined that probable cause exists to prosecute **ROBERT McCOY, Jr. and MISTY McCOY** for criminal contempt. In accordance with Rule 42(a)(2), Federal Rules of Criminal Procedure, the Court will request that the United States Attorney for the Western District of North Carolina prosecute such criminal contempt.

Having considered the Bankruptcy Court's Order Finding Certain Defendants in Civil Contempt, (Doc. No. 1-1), and Orders Recommending Withdrawal of Reference, (Doc. Nos. 1–2), the Court enters the following Order.

2

**IT IS, THEREFORE, ORDERED** that

(1) The Orders of the Bankruptcy Court Recommending Withdrawal of Reference, (Doc. Nos. 1–2), are **GRANTED**. Specifically, Adversary Proceeding No. 18-03036 should be withdrawn from the Bankruptcy Court to the Western District of North Carolina;

(2) The **UNITED STATES ATTORNEY** for the Western District of North Carolina is requested, in accordance with Rule 42(a)(2), to prosecute this matter, and, if he declines to do so, to so advise the Court not later than **February 25, 2019**;

(3) Separate and apart from prosecuting the criminal contempt under Rule 42(a)(2), the **UNITED STATES ATTORNEY** for the Western District of North Carolina is further requested to conduct a **CRIMINAL INVESTIGATION** into the allegedly fraudulent and perjurious conduct of **Robert McCoy Jr.** and **Misty McCoy**.

(4) **NOTICE** is hereby given to **Robert McCoy Jr. and Misty McCoy** as follows:

> A charge of Criminal Contempt has been lodged against you as provided herein and for the reasons outlined in Judge Whitley's Orders; such matter will be tried on **March 18, 2019, at 9:30 a.m.**, in the United States Courthouse, Charlotte, N.C. You have a right to be represented by counsel and if you cannot afford counsel the Court will appoint counsel and you have until such date to prepare a defense. You are advised that the essential facts constituting such criminal contempt are contained in the Order

of the Bankruptcy Court Finding Certain Defendants in Civil Contempt, (Doc. No. 1-1), and the Order and Supplemental Order Recommending Withdrawal of Reference, (Doc. Nos. 1–2), documents which accompany this Order. Finally, if you fail to appear as instructed, a warrant will issue for your arrest.

The Clerk of Court is instructed to issue a Summons compelling the attendance of Robert McCoy Jr. and Misty McCoy at trial on March 18, 2019, at 9:30 a.m.; a warrant for the arrest of Robert McCoy Jr. on the criminal contempt charge; and a summons for Misty McCoy on the same charge; and make a copy of this Order and Judge Whitley's Orders for service by the United States Marshal. The United States Marshal shall serve a copy of the Summons, the Warrant, this Order, and Judge Whitley's Orders, (Doc. Nos. 1, 1-1, and 2) on:

**ROBERT McCOY Jr.**
3606 Highway 51
Fort Mill, SC 29715

**MISTY McCOY**
11915 John K Hall Way
Charlotte, NC 28277

The Clerk of Court shall send a copy of this Order to counsel of record, the Clerk of the Bankruptcy Court, and to:

**THE HONORABLE R. ANDREW MURRAY, Esq.**
United States Attorney for the Western District of North Carolina

Signed: February 5, 2019

Robert J. Conrad, Jr.
United States District Judge