UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-RJC

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| McCOY MOTORS, LLC et al., | ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS OF DEFENDANTS ROBERT MCCOY III [Doc. No. 16] AND FLASH AUTOS, LLC [Doc. No. 18] AND REQUEST FOR JUDICIAL ASSISTANCE**

The Plaintiff and Chapter 11 Debtor Ace Motor Acceptance Corporation ("ACE"), through undersigned counsel, submits this response to the motions to dismiss of Defendants Robert McCoy III ("McCoy III") and Flash Auto, LLC ("Flash"). Due to the failures of the Defendants to comply with bankruptcy court orders and subpoenas requiring the production of information concerning issues relevant to the Second Amended Complaint, Ace needs judicial assistance from the Court.

**INTRODUCTION**

McCoy III did not fall far from the tree. The argument that Ace's Second Amended Complaint should be dismissed for containing "conclusory allegations" and for "lack of supporting facts" rings hollow in light of the Defendants refusal to comply with Court orders and subpoenas requiring the production of documents and testimony relevant to the Second Amended Complaint. McCoy III is employing the same strategy in this proceeding as his father Robert McCoy, Jr. ("McCoy") and his mother Misty McCoy, to wit, stonewalling. The Second Amended Complaint contains allegations which Ace believes are more than sufficient to support the claims for relief sought. However, if the Court believes that additional supporting facts are necessary, this Court must either i) force McCoy, Misty McCoy, McCoy Motors, McCoy III and Flash to provide Ace with those facts; or ii) impose sanctions for their noncompliance.

Since this proceeding was filed in June of 2018, the bankruptcy court has held days of hearings and has reviewed extensive evidence relevant to Ace's claims against the Defendants. Even without the cooperation of the Defendants, the bankruptcy court has **already determined** facts from which it is clear that Ace has cognizable claims against McCoy III and Flash:

-Flash was formed in furtherance of the Defendants' "…efforts intended to give the

impression that McCoy Motors had gone out of business"[1];

- "...Flash is but a continuation of McCoy Motors under another name"[2];

- "[i]t is now clear that Flash is one and the same as McCoy Motors. Further, McCoy, Misty McCoy, and McCoy Motors are actively transferring, dissipating, concealing, moving, and disposing of the property at issue in this action…"[3];

- McCoy, Misty McCoy and McCoy Motors "…*are being aided in these endeavors by their son, McCoy III and Flash*." (emphasis added)[4]

The efforts of McCoy III and Flash to create distance from McCoy, Misty McCoy and McCoy Motors are, at best, disingenuous.[5] Before considering the motions to dismiss, it would be in the interest of justice for this Court to: i) enforce existing Orders of the bankruptcy court requiring the turnover of documents and information; ii) issue orders related to several pending motions seeking to compel the production of documents by McCoy Motors and McCoy III; iii) hold McCoy III in contempt for not complying with a subpoena to appear for testimony in the bankruptcy court on December 18, 2018; and iv) to the extent the Defendants do comply, provide Ace with additional time to further amend its pleadings.

## HISTORY OF THIS PROCEEDING

In its orders, the bankruptcy court has done more than an adequate job of summarizing the prior proceedings. Rather than repeat those summaries, Ace would incorporate by reference the bankruptcy court findings in its December 27, 2018 Supplemental Order [Bankr. Doc. No. 158, pp 4-10]. In short, the bankruptcy court has found that the Defendants "… have done everything in their power to avoid compliance and circumvent the orders [of the bankruptcy court]" [6], and they continue to do so to this day.

## STANDARD OF REVIEW

For purposes of the motions to dismiss under Rule 12(b)(6), the Court must accept as true the Second Amended Complaint's factual allegations and draw all reasonable inferences in Plaintiffs'

---

[1] Supplemental Order (To November 21, 2018 Order Recommending Withdrawal of Reference of Adversary Proceeding for Further Civil, and Potentially Criminal, Contempt Proceedings) (the "Supplemental Order") [December 27, 2018, Bankr. Doc. No. 158, p. 5]
[2] Supplemental Order, p. 8.
[3] Supplemental Order, p. 10
[4] Id.
[5] Flash and McCoy III argue to the Court that "McCoy II and Flash Autos are not mentioned once in the original complaint", and that they are "not mentioned in the first amended complaint." Brief in Support of Flash's Motion to Dismiss [Doc. No. 19, page 3]. The original complaint and first amended complaint were filed on June 18 and July 10, 2018, respectively. Flash was not incorporated by the McCoy Defendants, and McCoy III did not become its "owner", until August 14, 2018. That timing explains the lack of mention in the pleadings that predated the formation of Flash.
[6] Order Recommending Withdrawal of Reference of Adversary Proceeding For Further Civil, And Potentially Criminal, Contempt Proceedings November 21, 2018, page 7. (Bankr. Doc. No. 104]

favor. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1998). Allegations have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In light of the nature of this proceeding and the egregious failures of the Defendants to provide Ace with information, the factual allegations contained in the Second Amended Complaint pass muster under this standard.

### REQUEST BY ACE FOR JUDICIAL ASSISTANCE PRIOR TO RULING ON THE MOTIONS TO DISMISS

If the Court believes additional facts need to be pled by ace, Ace will need the judicial assistance of the Court. McCoy, Misty McCoy and McCoy Motors have, since this proceeding began, refused to turn over collateral, documents and disclose information to ACE as required by several bankruptcy court orders. This failing has been explicitly cited in the bankruptcy court's orders finding the Defendants in contempt.[7] As of April 15, 2019, McCoy, Misty McCoy and McCoy Motors have done nothing to cure their contempt of the bankruptcy court orders, and specifically this failure includes the failure to turn over collateral, documents and disclose information to ACE.

As an illustration of how the stonewalling by the Defendants allows McCoy III and Flash to allege that Ace has pled "insufficient facts", consider that Ace has a perfected lien on assets of McCoy, Misty McCoy and McCoy Motors.[8] The bankruptcy court ordered the Defendants to "cease transferring, dissipating, concealing, moving, secreting or otherwise disposing of any assets of Ace or the Defendants, or assets which are collateral of Ace, including the sale of any motor vehicle in Defendants' inventory or possession, or the transfer of any funds or cash by any of the Defendants, pending further Order of the Court" and to "disclose the location of all of Ace's property or collateral of Ace, including all assets of the Defendants".[9] McCoy Motors, McCoy and Misty McCoy failed to comply with the orders, leading to a finding of civil contempt, an opportunity to cure the contempt, the failure to curse the contempt, and ultimately a referral to this Court for a finding of criminal contempt. But after months of attempting to wrest information from the Defendants, Ace still does not know exactly what the assets were or are, where the assets are located, nor exactly what assets have been transferred.

The bankruptcy court has heard testimony that McCoy Motors is no longer in business, that Flash was formed less than two weeks after the entry of the bankruptcy court's August 1, 2018 Preliminary Injunction, and that Flash is operating at the same location as did McCoy Motors. Several parties have testified that there are (or were) more than 100 motor vehicles formerly in the inventory of McCoy Motors, and that those vehicles are located on real property controlled by Flash.[10] Ace has not been permitted to enter or examine the premises, and none of the Defendants

---

[7] October 19, 2018 Order Finding Certain Defendants In Civil Contempt [Bankr. Doc. No. 47, pp. 8-9, See also numerous instances of non-compliance set forth in Appendix A to Order]; November 21, 2018 Order Recommending Withdrawal Of Reference Of Adversary Proceeding For Further Civil, And Potentially Criminal, Contempt Proceedings [Bankr. Doc. No. 104, pp. 6-7; December 27, 2018 Supplemental Order (To November 21, 2018 Order Recommending Withdrawal Of Reference Of Adversary Proceeding For Further Civil, And Potentially Criminal, Contempt Proceedings) [Bankr. Doc. No. 158, pp. 5-7].

[8] August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief [Bankr. Doc. No. 26, paragraphs 18 and 20.]

[9] Id., page 16, paragraphs (ix) and (xii).

[10] October 19, 2018 Order Finding Certain Defendants in Civil Contempt [Bankr. Doc. No. 47, page 11,

have accounted for the disposition of any business property or records.[11] And, thereafter:

1. McCoy Motors failed to respond to a Subpoena to Produce Documents, which requests in part "copies of any documents concerning the transfer of any assets, including but not limited to motor vehicles" (the "McCoy Motors Subpoena").[12]

2. McCoy III, individually and as registered agent for Flash, failed to respond to a Subpoena to Produce Documents which requested in part "…copies of any Documents concerning the transfer of assets, including but not limited to motor vehicles, from McCoy Motors to Flash..." (the "McCoy III/Flash Subpoena").[13]

3. McCoy III failed to appear and testify at a December 18, 2018 hearing concerning transfers of assets from McCoy Motors to Flash, after having been served with a Subpoena to Appear and Testify (the "McCoy III Subpoena to Testify").[14]

Further hindering Ace's ability to obtain relevant facts, McCoy has filed a pleading in which he states that he "…invokes his Constitutional Right to take the 5th Amendment for any complaint that may be related to [the Summons for the Second Amended Complaint].[15] Without any of the Defendants providing information or testimony concerning what their assets are or were, or the disposition of those assets, Ace cannot be expected to provide detailed allegations concerning the fraudulent transfer of those assets. This same issue…the failure of the Defendants to provide information as the reason that details are lacking….applies with respect to all of the causes of action set forth in the Second Amended Complaint.

The bankruptcy court found that McCoy Motors Subpoena, the McCoy III/Flash Subpoena and the McCoy III Subpoena to Testify were "valid subpoenas"[16] and that

> … **McCoy Motors and McCoy III failed to respond to the subpoenas. Neither produced any of the requested documents or information. McCoy Motors appeared at this latest hearing but offered no excuse for its failure to respond to its subpoena. McCoy III/Flash did not appear at the December 18, 2018 hearings. Accordingly, both are subject to civil contempt and discovery sanctions for failing to obey the subpoenas without adequate excuse. Fed. R.**

---

paragraph 27].
[11] Id.
[12] December 17, 2018 Motion for Order Striking Pro Se Objection by Robert McCoy to McCoy Motors, LLC Subpoena; Motion for Order Holding Robert McCoy in Further Contempt of Court Pursuant to Bankruptcy Rule 9016 and Rule 45(g) of the Federal Rules of Civil Procedure, Compelling Compliance and Requiring the Payment of Fees and Costs; Request for Emergency Hearing [Bankr. Doc. No. 139, pp. 12-20].
[13] December 17, 2018 Motion for Order Finding Robert McCoy III in Contempt of Court Pursuant to Bankruptcy Rule 9016 And Rule 45(g) of the Federal Rules of Civil Procedure, Compelling Compliance and Requiring the Payment of Fees and Costs; Request for Emergency Hearing [Bankr. Doc. No. 140, pp. 5-12]
[14] See December 20, 2018 Amended Motion for Order Finding Robert McCoy III in Contempt of Court Pursuant to Bankruptcy Rule 9016 and Rule 45(g) of the Federal Rules of Civil Procedure, Compelling Compliance and Requiring the Payment of Fees and Costs [Bankr. Doc. No. 154, pages 5-8].
[15] January 22, 2019 "Motion for Order to Invoke 5th Amendment Right" [Bankr. Doc. No. 165].
[16] December 27, 2018 Supplemental Order [Bankr. Doc. No. 158, p. 7].

  *Civ. P. 45(g)*. (emphasis added)[17]

  Ace's motions for contempt (the "Contempt Motions") [Bankr. Doc. Nos. 139, 140 and 154] against McCoy and McCoy III (individually and as agent for Flash) for failure to produce documents were taken under advisement by the bankruptcy court.[18] As of February 5, 2018, the date this Court withdrew the reference of this proceeding, the bankruptcy court had not ruled on the Contempt Motions. The Contempt Motions remain pending for decision by this Court. Ace requests that the Court address the Contempt Motions, now that it has jurisdiction, and that it enter orders sanctioning the parties for their contempt (including the entry of default). Alternatively, Ace would request that the Court compel the requested production from McCoy, Misty McCoy, McCoy Motors, McCoy III and Flash, and, if that order is complied with, the Court provide Ace with a reasonable amount of time to further amend its complaint against McCoy III and Flash. In the interim, it would be appropriate to hold the motions to dismiss in abeyance.

Dated: April 15, 2019.

                       **THE HENDERSON LAW FIRM**

                       /s/ James H. Henderson
                       _____
                       James H. Henderson
                       State Bar No. 13536
                       1120 Greenwood Cliff
                       Charlotte NC 28202-2826
                       Telephone:  704.333.3444
                       Facsimile:   704.333.5003
                       Email:     henderson@title11.com

---

[17] Id.
[18] Id., page 3, n. 2.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-RJC

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| McCOY MOTORS, LLC, et al., | ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS OF DEFENDANTS ROBERT MCCOY III [Doc. No. 16] AND FLASH AUTOS, LLC [Doc. No. 18] AND REQUEST FOR JUDICIAL ASSISTANCE** via ECF and/or first-class mail by depositing the same, enclosed in a postpaid, property addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal service as follows:

Matthew M. Holtgrewe
mholtgrewe@ebcmlaw.com
Lex M. Erwin
lerwin@ebcmlaw.com
David A. Luzum
dluzum@ebcmlaw.com
ERWIN, BISHOP, CAPITANO & MOSS, P. A.
4521 Sharon Road Suite 350
Charlotte NC 28211
*Attorneys for Defendants Flash Autos, LLC and Robert McCoy III*

Dated: April 15, 2019.                    **THE HENDERSON LAW FIRM**

　　　　　　　　　　　　　　　　　　　　　　　 **/s/**James H. Henderson
　　　　　　　　　　　　　　　　　　　　　　　 James H. Henderson
　　　　　　　　　　　　　　　　　　　　　　　 State Bar No. 13536
　　　　　　　　　　　　　　　　　　　　　　　 1120 Greenwood Cliff
　　　　　　　　　　　　　　　　　　　　　　　 Charlotte NC 28204
　　　　　　　　　　　　　　　　　　　　　　　 Telephone: 704.333.3444
　　　　　　　　　　　　　　　　　　　　　　　 Email: henderson@title11.com