# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00630-KDB-DSC

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| MCCOY MOTORS, LLC, et al. | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court following the status conference held with all parties on August 15, 2019. During the status conference, counsel for Defendants Robert McCoy, Jr. ("McCoy Jr."), Misty McCoy ("Misty"), and McCoy Motors, LLC ("McCoy Motors") (collectively, "McCoy Defendants") represented to the Court that efforts are underway to bring the McCoy Defendants into compliance with the August 1, 2018 order of the Bankruptcy Court imposing a preliminary injunction and requiring the McCoy Defendants to take the following actions:

(i) stop collecting any payments from Ace Motor Acceptance Corp.'s ("Ace") customers/Vehicle Buyers with regard to the motor vehicles and Contracts that constitute collateral under the Agreements and otherwise cease taking any actions whatsoever to exercise servicing rights under the Agreements;

(ii) direct all of Ace's customers and the Defendant's customers to make all payments directly to Ace;

1

(iii)     turn over any cash or other monies to Ace, including but not limited to payment received from Ace's customers or third parties that are in any way subject to the terms of the Contracts or Agreements;

(iv)     turn over any vehicles to Ace (including those that have been repossessed) that constitute collateral under the Agreements or related to the Contracts (including all motor vehicles in Defendants' inventory), as well as all titles, accounting records, payment records of Vehicle Buyers, or other documentation associated with each vehicle;

(v)     cease communicating with Ace's customers and stop interfering with Ace's efforts to collect on its accounts under the Contracts;

(vi)     provide copies of all documents, accounting records and bank statements to Debtor, which are relevant to the location, use and disposition of Ace's collateral;

(vii)     turn over any refunds for GAP protection premiums paid in connection with the Contracts, which have been received or which are received in the future;

(viii)     execute any documents necessary to remove liens of any of the Defendants from any motor vehicles that are related to the Contracts, in order to provide Ace with a first priority lien on such vehicles (or, alternatively, Ace may do so pursuant to its Power of Attorney (PPA, Pages 24-25, Exhibit A);

(ix)     cease transferring, dissipating, concealing, moving, secreting or otherwise disposing of any assets of Ace or the Defendants, or assets which are collateral of Ace, including the sale of any motor vehicle in Defendants' inventory or possession, or the transfer of any funds or cash by any of the Defendants, pending further Order of the Court;

(x) turn over all keys to any vehicles which are in their control or possession;

(xi) cease any efforts to repossess any motor vehicles and provide Ace with any information (including access information) concerning any GPS devices on all motor vehicles related to the Contracts and/or in the Defendants' inventory;

(xii) disclose the location of all of Ace's property or collateral of Ace, including all assets of the Defendants;

(xiii) cooperate with Ace in connection with those matters set forth in Paragraph 19 of the Floorplan, Paragraph 5 of the PPA and Paragraph 6 of the Servicing Agreement; and

(xiv) provide Ace with current addresses of all Vehicle Buyers under the Contracts.

(*See* Adversary Proceeding No. 18-03036, Doc. No. 26.)

The McCoy Defendants' failure to abide by the conditions of this Order led Judge Whitley to find McCoy Motors and McCoy Jr. in civil contempt on October 19, 2018. (*See* Adversary Proceeding No. 18-03036, Doc. No. 47.) To date, the McCoy Defendants have not shown the Court that they have purged this contempt and complied with the Bankruptcy Court's preliminary injunction. Accordingly, the Court will hold a hearing at 2:00 PM on September 19, 2019 at which the McCoy Defendants are **ORDERED** to **SHOW CAUSE** as to why the Court should not consider further sanctions against them, including incaration, for failure to purge their civil contempt and comply with the August 1, 2018 Order of the Bankruptcy Court.

In addition, by September 18, 2019, Ace is **ORDERED** to submit to the Court an updated declaration of costs and attorney's fees related to enforcement of the Bankruptcy Court's Orders dated June 25 and August 1, 2018.

The Court **DENIES** Ace's Motion for Order Appointing Receiver for McCoy Motors, LLC and Flash Autos, LLC. (Adversary Proceeding No. 18-03036, Doc. No. 107.) The Court finds it has no authority to cross state lines and impose a receivership on foreign corporations. Because Ace's motion is denied, the Court **DENIES AS MOOT** McCoy's Motion for Dismissal filed in Wrong Venue/Jurisdiction and Opposition to the December 18 Hearing and the Appointment of Receiver. (Adversary Proceeding No. 18-03036, Doc. No. 123.) The Court also **DENIES** Ace's Motion for Order Striking "Motion for Dismissal and Opposition to the December 18, 2018 Hearing and the Appointment of Receiver" [Doc. 109] and Imposing Sanctions on Robert McCoy, Jr. for Continued Violations of North Carolina Statutes and Local Rules Pertaining to Unauthorized Practice of Law (Adversary Proceeding No. 18-03036, Doc. No. 111), as the Court finds that further sanction for this issue is unnecessary at this time.

During the status conference, all defendants discussed their intention to clear the docket of previously filed *pro se* motions. Counsel for McCoy Jr. indicated to the Court that he withdraws the following:

(i) Motion for Order to Invoke 5th Amendment Right in Response to Document #153 (To Which there is no Complaint Attached) (Adversary Proceeding No. 18-03036, Doc. No. 165)

(ii) Motion to Dismiss Adversary Proceeding; in lieu of answer in response to Document #178. Also to release Escrowed Funds to McCoy if Dismissal is granted in Either Main or Adversary Proceeding (Doc. No. 23)

Further, the Court **DENIES AS MOOT** Robert McCoy, III ("McCoy III") and Flash Autos, LLC ("Flash") *pro se* motions to dismiss (Adversary Proceeding No. 18-03036, Doc. Nos. 163, 164) given that both parties have since retained counsel and filed superseding responses to the Second Amended Complaint.

For the reasons stated in the motion, the Court **GRANTS** Kristin Lang's Motion to Withdraw as Attorney for McCoy Motors, LLC, McCoy Motors, LLC D/B/A Ride Fast, Rob McCoy and Misty McCoy. (Adversary Proceeding No. 18-03036, Doc. No. 144.)

Finally, Ace represented to the Court during the status conference that it intends to seek leave to file a Third Amended Complaint in this matter. The Court advises Ace to make this proposed pleading a comprehensive account of its claims. Accordingly, Ace is **ORDERED** to seek leave to amend the pleadings by September 6, 2019. The Court **DENIES AS MOOT** Misty and McCoy Motors's Motion for Extension of Time to File Responses to Second Amended Complaint. (Doc. No. 30.)

**IT IS, THEREFORE, ORDERED:**

1. At 2:00 PM on September 19, 2019, the McCoy Defendants must **SHOW CAUSE** as to why the Court should not impose further sanctions, including incarceration, for failure to abide by the Bankruptcy Court's August 1, 2018 preliminary injunction or purge themselves of civil contempt;

2. By September 18, 2019, Ace is **ORDERED** to submit to the Court an updated declaration of costs and attorney's fees related to enforcement of the Bankruptcy Court's Orders dated June 25 and August 1, 2018;

3. Ace's Motion for Order Appointing Receiver for McCoy Motors, LLC and Flash Autos, LLC (Adversary Proceeding No. 18-03036, Doc. No. 107) is **DENIED**;

4. McCoy's Motion for Dismissal filed in Wrong Venue/Jurisdiction and Opposition to the December 18 Hearing and the Appointment of Receiver, (Adversary Proceeding No. 18-03036, Doc. No. 123) is **DENIED AS MOOT**:

5. Ace's Motion for Order Striking "Motion for Dismissal and Opposition to the December 18, 2018 Hearing and the Appointment of Receiver" [Doc. 109] and Imposing Sanctions on Robert McCoy, Jr. for Continued Violations of North Carolina Statutes and Local Rules Pertaining to Unauthorized Practice of Law (Adversary Proceeding No. 18-03036, Doc. No. 111) is **DENIED**;

6. McCoy III and Flash's *pro se* motions to dismiss (Adversary Proceeding No. 18-03036, Doc. Nos. 163, 164) are **DENIED AS MOOT**;

7. Kristin Lang's Motion to Withdraw as Attorney for McCoy Motors, LLC, McCoy Motors, LLC D/B/A Ride Fast, Rob McCoy and Misty McCoy (Adversary Proceeding No. 18-03036, Doc. No. 144) is **GRANTED**;

8. Misty McCoy and McCoy Motors's Motion for Extension of Time to File Responses to Second Amended Complaint (Doc. No. 30) is **DENIED AS MOOT**;

9. Ace is **ORDERED** to seek leave to amend the pleadings by September 6, 2019.

The Court further directs the Clerk of Court to note on the appropriate docket that the following motions are withdrawn:

(i) Motion for Order to Invoke 5th Amendment Right in Response to Document #153 (To Which there is no Complaint Attached) (Adversary Proceeding No. 18-03036, Doc. No. 165)

(ii) Motion to Dismiss Adversary Proceeding; in lieu of answer in response to Document #178. Also to release Escrowed Funds to McCoy if Dismissal is granted in Either Main or Adversary Proceeding (Doc. No. 23)

Signed: August 16, 2019

Kenneth D. Bell
United States District Judge