UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| McCOY MOTORS, LLC; MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR.; MISTY MCCOY; FLASH AUTOS, LLC; ROBERT MCCOY III and the MCCOY JOINT REVOCABLE TRUST | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**RESPONSE AND OBJECTION TO MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION AND TO COMPEL PLAINTIFF/DEBTORS TO COMPLY OR SHOW CAUSE [Doc. No. 39]**

Ace Motor Acceptance Corporation ("Ace") objects to the Motion for Modification of Preliminary Injunction and to Compel Plaintiff/debtors to Comply or Show Cause (the "Motion") filed herein. The Motion should not be granted. In support of its objection, Ace shows the Court:

**A.      No good cause has been shown for the relief requested**

1.      Without any good cause shown, the Movants are making an untimely request to modify Judge Whitley's August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief (the "Preliminary Injunction") [Bankr. Doc. No. 26] in a manner which is contrary to the provisions of the United States Bankruptcy Code (the "Code").

2.      The precise legal basis for the Motion is not stated and is unclear. It is the Movant's burden to establish that there is a basis for the relief sought, and that burden has clearly not been met. As the Motion seeks relief from or modification of the Preliminary Injunction, the only statutory basis would seem to be Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"). However, the Motion does not indicate which subpart of Rule 60 is allegedly applicable. The Movants are putting the Court and Ace in a position of making a time consuming and inefficient analysis of the Motion under each potential basis...which amounts to a trial-and-error test of the possible grounds for relief. As a result, the proper authority for "modification" remains uncertain.

3.      It is not "modification" (as here) to argue that the Bankruptcy Court must have intended something other than what is in the Preliminary Injunction. When a litigant thinks a court

reached the wrong conclusion and would like a second opinion, that is called an "appeal." The time for appealing the Preliminary Injunction expired more than 13 months ago.

4. The Motion does not state which provision of Rule 60 is being relied upon. This is significant because the Motion was filed one year, one month and 18 days after the entry of the Preliminary Injunction. Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. The Movants do not meet their burden of demonstrating that the Motion is timely.

5. Judge Whitley's June 25, 2018 Order Concerning Interim Servicing of Accounts of Vehicle Buyers and Order Setting Hearing on Preliminary Injunction (the "TRO") [Bankr. Doc. No. 8] was "...to maintain the status quo..." and it was "...effectively a temporary restraining order."[1]

6. The provisions of the Temporary Restraining Order expired with the entry of the Preliminary Injunction. FRCP 65(b)(2). Ace cannot be compelled to comply with an order which has expired.

7. The Movants' argument that the Preliminary Injunction did not replace the TRO is simply incorrect. This is contrary to the law. Also, Movants incorrectly argue that "...paragraph 89 of the Preliminary Injunction clearly evidences that it was the intention of the [Bankruptcy] Court for the [TRO] to remain in effect." Paragraph 89 of the Preliminary Injunction provides

> Because there is as yet no pending contempt motion, this Court will defer ruling on the question of the parties' compliance with the Interim Order. However, these material failures by the Defendants to comply with even agreed orders demonstrates the essential need to provide preliminary injunctive relief in favor of Ace.

Paragraph 89 simply cannot be interpreted in the way that the Movants suggest. It is only clear evidence that Judge Whitley recognized early in the case that the Movants would not comply with his orders.

**B.     The relief requested is contrary to the provisions of the United States Bankruptcy Code.**

8. The Movants are asking the Court to modify the Preliminary Injunction "...to require that any proposed sale of a Vehicle Buyer Account be subject to notice to the parties and approval by the Court...".

9. The Preliminary Injunction finds in paragraph 56 that "...Ace is the owner of the [Vehicle Buyer Accounts." The Vehicle Buyer Accounts are property of the bankruptcy estate. Ace sold Vehicle Buyer Accounts with other automobile dealers prior to the filing of the bankruptcy proceeding, and there has been testimony in the Bankruptcy Court proceedings that such sales are in Ace's ordinary course of business. § 363 (b)(1) of the Bankruptcy Code provides that a debtor-in-

---

[1] Judge Whitley's October 19, 2018 Order Finding Certain Defendants in Civil Contempt [Bankr. Doc. No. 47], page 3.

possession, such as Ace, may sell property of the estate in the ordinary course of business witout court approval.

10. Granting the Motion would restrict Ace's statutory right to sell property of the estate.

WHEREFORE, for the foregoing reasons, Ace respectfully prays that the Court deny the Motion.

Dated: October 1, 2019

**THE HENDERSON LAW FIRM**

/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28202-2826
Telephone: 704.333.3444
Facsimile: 704.333.5003
Email: henderson@title11.com

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| McCOY MOTORS, LLC; MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR.; MISTY MCCOY; FLASH AUTOS, LLC; ROBERT MCCOY III and the MCCOY JOINT REVOCABLE TRUST | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **RESPONSE AND OBJECTION TO MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION AND TO COMPEL PLAINTIFF/DEBTORS TO COMPLY OR SHOW CAUSE [Doc. No. 39]** via ECF to all parties or their attorney of record requesting notice and to the following:

Lex M. Erwin
lerwin@ebcmlaw.com

Robert K. Trobich
rktrobich@gmail.com

Dated: October 1, 2019.

                                        **THE HENDERSON LAW FIRM**

                                        /s/James H. Henderson
                                        James H. Henderson
                                        State Bar No. 13536
                                        1120 Greenwood Cliff
                                        Charlotte NC 28204
                                        Telephone: 704.333.3444
                                        Email: henderson@title11.com