IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>FLASH AUTOS, LLCROBERT MCCOY, IIIMCCOY JOINT REVOCABLE TRUSTMISTY MCCOYROBERT MCCOY JR.MCCOY MOTORS, LLCMCCOY MOTORS, LLC,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendants McCoy Motors, LLC, Robert McCoy, Jr., and Misty McCoy's Motion (collectively, "McCoy Defendants") for Modification of Preliminary Injunction and to Compel Plaintiff/Debtors to Comply or Show Cause. (Doc. No. 39) ("Motion"). For the reasons stated briefly herein, the Court **DENIES** Defendants' Motion.

## I. Background

Plaintiff Ace Motor Acceptance Corporation ("Ace") filed an adversarial complaint against the McCoy Defendants asserting that they had prevented attempts to recover property and repossess collateral belonging to Ace. After filing the adversarial complaint in the Bankruptcy Court, Ace sought emergency injunctive relief to secure the collateral. Unable to have a full evidentiary hearing, the parties entered into a consent order that would preserve the status quo until a full evidentiary hearing could be held. Judge Whitley entered the consent order as an Order Concerning Interim Servicing of Accounts of Vehicle Buyers; And Order Setting Hearing on

1

Preliminary Injunction ("Interim Order") on June 25, 2018. As part of this Interim Order, the McCoy Defendants were permitted to retain possession of the collateral and continue to collect customer accounts. However, in order to preserve the collateral, Ace and the McCoy Defendants were required to provide each other with "complete, accurate and current data concerning collections of the Vehicle Buyer accounts, on a daily basis, pending further order of this Court." (Interim Order, Paragraph 2). Additionally, twenty-three motor vehicles involved in the dispute were to be stored with Manheim Auto Auction in Statesville, NC pending further order of the court. (Interim Order, Paragraph 7). The McCoy Defendants made little or no effort to comply with these obligations.

After a full evidentiary hearing, Judge Whitley entered a Preliminary Injunction on August 1, 2018. ("Preliminary Injunction"). In the Preliminary Injunction, the Bankruptcy Court found that Ace was the owner of the Vehicle Buyer accounts and awarded Ace possession of the collateral.

The McCoy Defendants have filed this Motion asking that (1) the Preliminary Injunction be modified to require that any proposed sale of a Vehicle Buyer Account be subject to notice to the parties and approval by the court; (2) Ace be required to turn over the documentation and information of any already completed sale of Vehicle Buyer Accounts to the McCoy Defendants; and (3) that Ace be compelled to immediately comply with the requirements of Ordering Paragraphs 2 and 7 of the Interim Order,[1] or show cause as to their failure to do so. (Doc. No. 39, at 3-4).

---

[1] McCoy Defendants cite to Ordering Paragraph 9, however, based on the description of the paragraph in their Motion, they mean Paragraph 7.

2

## II. Discussion

A. The Court will not modify the Preliminary Injunction to require notice or prior court approval for a sale of a Vehicle Buyer Account.

The McCoy Defendants ask the Court to modify the Preliminary Injunction to require that any proposed sale of a Vehicle Buyer Account be subject to notice of the parties and approval by the court. Ace argues that requiring court approval is contrary to the provisions of the United States Bankruptcy Code and that granting the McCoy Defendants' modification would restrict Ace's statutory right to sell property of the estate.

Bankruptcy Code § 363(b)(1) permits a debtor-in-possession[2] to sell or lease property of the estate in the ordinary course of business without court approval. 11 U.S.C. § 363(b)(1). Here, the Preliminary Injunction found that Ace is a debtor in possession. Ace is in the business of buying and selling similar vehicle buyer accounts and has testified to such during the Bankruptcy Court Proceedings. Therefore, Ace is permitted to sell the Vehicle Buyer Accounts in this case without prior court approval. The McCoy Defendants motion to amend the Preliminary Injunction to require court approval is denied.

B. The McCoy Defendants' request for documentation and information of completed sales of the Vehicle Buyer Accounts is denied.

Defendants also ask that the Court require Ace to turn over documentation and information of any already completed sale of the Vehicle Buyer Accounts. However, the McCoy Defendants do not explain in the Motion how they will be harmed if not given access to an accounting of the Vehicle Buyer Accounts.

---

[2] While §363(b)(1) says "trustee," a debtor in possession has the same rights as a trustee to sell or lease property of the estate in the ordinary course of business without court approval. *See* 11 U.S.C. § 1107(1) ("[A] debtor in possession shall have all the rights, . . . , and powers, and shall perform all the functions and duties, . . ., of a trustee serving in a case under this chapter.").

3

At the Show Cause Hearing on September 20, 2019, the McCoy Defendants were required to present evidence that they had purged themselves of contempt or show cause as to why they have not complied with Decretal Paragraph 2 of the Interim Order. In this paragraph, the Bankruptcy Court found that the McCoy Defendants collected $ 101,517.45 that should have been deposited into escrow, but only $42,898.17 was in fact deposited. Counsel for the McCoy Defendants asserted that an accurate accounting of what was owed cannot be correctly computed without access to Ace's records of payments on the Vehicle Buyer Accounts. Counsel for Ace asserted that Ace's records would not change the amount McCoy Defendants owe.

While the Court does not predict that documentation and information of already sold Vehicle Buyer Accounts will change the amount Judge Whitley found the Defendants owe Ace, the Court will not rob the McCoy Defendants of a possible defense. However, the McCoy Defendants should pursue this request through normal discovery requests to Ace and, if necessary,[3] a motion to compel,[4] rather than through this motion to modify the Preliminary Injunction and to compel compliance with the Interim Order. Therefore, Ace's request for documentation and information of sales of the Vehicle Buyer Accounts is denied without prejudice to file a motion through proper discovery means.

C. The Preliminary Injunction replaced the requirements in the Interim Order.

The McCoy Defendants assert that the Preliminary Injunction did not replace the requirements of the Interim Order, and thus, Ace is required to comply with previous mandates in

---

[3] The Court expects that all parties will comply the Rules regarding discovery, and not unnecessarily require Court intervention.

[4] In Defendants' motion, they claim they "have requested information" from Ace regarding the Vehicle Buyer Accounts. Defendants could have "requested information" in a variety of ways, and the Court is unsure as to what Defendants' statement exactly means.

the Interim Order. Specifically, the McCoy Defendants point to Paragraph 89 of the Preliminary Injunction. They claim that this paragraph "clearly evidences that it was the intention of the Court for the Interim Order to remain in effect." However, Paragraph 89 does not say what the McCoy Defendants purport it to say. Rather, Paragraph 89 of the Preliminary Injunction states:

> Because there is as yet no pending contempt motion, this Court will defer ruling on the question of the parties' compliance with the Interim Order. However, these material failures by the Defendants to comply with even agreed orders demonstrates the essential need to provide preliminary injunctive relief in favor of Ace.

As Ace writes in its Response and Objection to the McCoy Defendants' Motion, this paragraph only shows "that Judge Whitley recognized early in the case that the [McCoy Defendants] would not comply with his orders." (Doc. No. 44, at 2).

Additionally, the language and context of the Interim Order shows that it was intended to be superseded by a later order. Paragraphs 2 and 7 of the Interim Order impose requirements "pending further order of the court." The Interim Order was entered into by the parties because the Court was unable to conduct a full evidentiary hearing on June 21, 2018. In the meantime, the Interim Order was intended to maintain the status quo until a full evidentiary hearing could be conducted. The Preliminary Injunction makes this clear, stating: "To maintain the status quo, the parties agreed to an Interim Order dated June 25, 2018, effectively a temporary restraining order. The preliminary injunction and emergency motions hearing was conducted on July 18, 2018." Even other orders by Judge Whitley show that the Interim Order was intended to be temporary. *See* Doc. No. 1: 2018 Order Recommending Withdrawal of Reference of Adversary Proceeding for Further Civil, and Potentially Criminal, Contempt Proceedings, at 3 ("The initial hearing on [the emergency relief requested by Ace] fell in a week when a full-blown evidentiary hearing could not be held. To maintain the status quo, the parties consensually entered into the June 25 Order,

effectively a temporary restraining order."); Doc. No. 2: Supplemental Order to Nov. 21, 2018 Order Recommending Withdrawal of Reference of Adversary Proceeding for Further Civil, and Potentially Criminal, Contempt Proceedings, at 5 ("The parties agreed to a consent order, the June 25 Order, that was intended to preserve the status quo pending a preliminary injunction hearing.").

Accordingly, Ace will not be required to comply with Paragraphs 2 and 7 of the Interim Order because the Preliminary Injunction superseded the mandates in the Interim Order. The McCoy Defendants' request to compel Ace to comply with the Interim Order is denied.

### III. Conclusion

**IT IS THEREFORE ORDERED** that McCoy Defendants' Motion is **DENIED**, without prejudice to file an appropriate discovery motion.

**SO ORDERED.**

Signed: November 6, 2019

Kenneth D. Bell
United States District Judge