UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MCCOY MOTORS, LLC, et al.,<br><br>　　　　Defendants. | Civil Action No. 3:18-cv-630-KDB |

## DEFENDANTS FLASH AUTOS, LLC AND ROBERT MCCOY, III'S REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Flash Autos, LLC ("Flash Autos") and Robert McCoy, III ("Tripp McCoy") submit this reply in support of their partial motion to dismiss the Third Amended Complaint.

## INTRODUCTION

At the most recent hearing in this matter, counsel and Judge Kenneth D. Bell discussed the need to get this case "on track" and the Court allowed Plaintiff to file a Third Amended Complaint to create a clean slate. Plaintiff did not heed this advice. Instead, Plaintiff included claims that are not even causes of action under the law and failed to allege sufficient facts to support even the most basic elements of claims. Flash Autos and Tripp McCoy respectfully request that the Court jettison the bogus and frivolous claims alleged by Plaintiff to get this case "on track." Everyone involved in this case knows and understands the issues for Flash Autos and Tripp McCoy: is there successor liability, were there voidable transfers, and can Plaintiff pierce the corporate veil? Everything else related to Flash Autos and Tripp McCoy is just white noise and a waste of this Court's resources.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's response brief cites not a single case. Instead, Plaintiff makes two arguments. First, Plaintiff argues that Judge Whitley's previous bankruptcy court rulings support Plaintiff's claims and, thus, the claims should not be dismissed. Second, Plaintiff complains that the Defendants have failed to produce documents that it could use to state its claims. Neither of these arguments hold any water.

## I. Due Process Requires Plaintiff Proves Its Claims in This Case

The Fifth Amendment to the United States Constitution states that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Basic due process rights under the United States Constitution bar Plaintiff from using Judge Whitley's Orders because neither Flash Autos nor Tripp McCoy was a party to the bankruptcy adversary proceeding on which Plaintiff relies. On December 19, 2018, Plaintiff filed its Second Amended Complaint bringing Flash Autos and Tripp McCoy into the case **after** the hearings that Plaintiff cites in its response (and before Judge Whitley even entered his Order on December 20, 2018 allowing Plaintiff leave to add Flash Autos and Tripp McCoy). *See Ace Motor Acceptance Corp. v. McCoy Motors, LLC*, 18-03036, W.D. Bkrtcy, DOC 149, 151.

The federal circuits have repeatedly rejected a Plaintiff's attempt to use bankruptcy court orders against non-parties. The Ninth Circuit reversed a district court that had affirmed a bankruptcy court's order requiring certain funds in appellant's possession be paid to the appellee trustee where the trustee attempted to "chase the money" to an alter ego company. *See In re Daily (Estate of Daily v. Lipipuna Assocs.)*, 940 F.2d 1306, 1307-08 (9th Cir. 1991). In that case, the

2

bankruptcy trustee sought funds from a third party corporation via an alter ego theory but the third party corporation was not a party to the earlier contempt proceeding. *Id*. at 1307-08. The court held that the appellants could not be punished for the debtor's contempt and "should be permitted to litigate the question of their relationship to the debtor." *Id*. at 1308. Just because one person is found to be a bad actor, there is not an automatic judgment against other related entities. Indeed, the Plaintiff still must plead and prove its claims to pierce the corporate veil and undo voidable transfers.

That is the case here. Regardless of the rulings Judge Whitley made against Rob McCoy and the Original Defendants, Plaintiff must plead and prove its claims against both Flash Autos and Tripp McCoy. The Fourth Circuit agrees: "We reject the plaintiff's attempt on appeal to cure its procedural missteps by belatedly raising an alter ego theory of liability to preserve a judgment obtained against a non-party." The court further held that "we will not hold a non-party personally liable for a monetary judgment when the non-party did not receive the procedural protections of notice and an opportunity to be heard to which every defendant is entitled." *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 265-66 (4th Cir. 2019). Bottom-line, a company such as Flash Autos and a person such as Tripp McCoy must be a party to the action before any court can enter a binding order or judgment against them. Therefore, Plaintiff's rote citations to Orders before those Defendants were parties has no merit.

## II. Plaintiff Cannot Blame Defendants for Its Failure to Meet Basic Pleading Requirements

Plaintiff's second argument is that the Defendants have failed to produce documents that it can use to plead its claims. This is not some intricate patent infringement case in which a plaintiff must know the inner workings of the opposing party to adequately detail how the defendant stole

its trade secrets. This is a breach of contract case in which Plaintiff seeks to hold Flash Autos and Tripp McCoy responsible for the Original Defendants' actions. Plaintiff can either state a claim or it cannot. It is not Defendants' burden to assist Plaintiff in pleading its own claims.

The federal pleading standard is no longer a simple "notice pleading." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (replacing the traditional pleading standard under Rule 8 with a new requirement that a complaint state "enough factual matter" to make the claim "plausible"); *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" in order to survive a motion to dismiss for failure to state a claim). Even if this were a simple notice pleading, the allegations against Flash Autos and Tripp McCoy are so ambiguous and sparse that they have no notice as to what is really alleged against them in the eight claims in which dismissal is sought. Simply alleging a vague conspiracy to defraud is not enough. Plaintiff must allege an underlying fraud, but Plaintiff does not allege that Tripp McCoy or Flash Autos took any action during the relevant time period when the Original Defendants and Plaintiff conducted business. In fact, August 2018 is the first date that Plaintiff even alleges Tripp McCoy or Flash Autos did anything, which was long after the filing of the adversary proceeding and the original parties had stopped conducting business with each other. Plaintiff must allege some facts to support each claim. As detailed in the opening brief, Plaintiff has utterly failed to satisfy the federal pleading requirements. Therefore, Flash Autos and Tripp McCoy respectfully request the Court dismiss Plaintiff's Claims 9-13 and 15-17 against both Flash Autos and Tripp McCoy and Claim 19 (Successor Liability) against Tripp McCoy.

THIS the 12th day of December, 2019.

    /s/Lex M. Erwin
    Lex M. Erwin / N.C. State Bar No. 34619
    David A. Luzum / N.C. State Bar No. 41398
    Matthew M. Holtgrewe / N.C. State Bar No. 42912
    Erwin, Bishop, Capitano & Moss, P.A.
    4521 Sharon Road, Suite 350
    Charlotte, North Carolina  28211
    Telephone: 704-716-1200
    Facsimile: 704-716-1201
    lerwin@ebcmlaw.com
    dluzum@ebcmlaw.com
    mholtgrewe@ebcmlaw.com
    *Attorneys for Defendants Flash Autos, LLC*
    *and Robert McCoy, III*