# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>MCCOY MOTORS, LLC et al.,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on a show cause order (Doc. No. 60) issued by the Court requiring Defendants Robert McCoy, Jr. ("McCoy Jr."), Misty McCoy ("Misty"), and McCoy Motors, LLC ("McCoy Motors") (collectively, "McCoy Defendants") to show cause as to why they are not in compliance with the Bankruptcy Court's June 25, 2018 and August 1, 2018 orders, as well as this Court's multiple orders to disclose financial statements reflecting all assets, all liabilities, all sources of income, and all expenditures made between August 1, 2018 and September 19, 2019 (Doc. No. 40, 48, 60). A hearing was held on this Court's most recent show cause order on December 19, 2019 at 2:00 PM.[1] It was attended by the McCoy Defendants, their counsel, Plaintiff's counsel, and counsel for Robert McCoy, III ("McCoy III") and Flash Auto, LLC ("Flash"). As described below, the Court will refer this matter to the United States Attorney's office—for a second time—for criminal prosecution and an investigation into McCoy and Misty McCoy's perjurious and fraudulent conduct.[2]

---

[1] This was the second show cause hearing held by this Court.

[2] The Honorable Robert Conrad previously requested that the United States Attorney for the Western District of North Carolina prosecute McCoy Jr. and Misty McCoy's criminal

Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for a definite period or a punitive monetary penalty in the case of a corporation), then the contempt is criminal. *Hicks v. Feiock*, 485 U.S. 624, 631–36 (1988); *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994). Unlike the standard for civil contempt which need only be shown by "clear and convincing evidence," criminal contempt must be shown 'beyond a reasonable doubt." The Court of Appeals for the Fourth Circuit has held as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830–31, 114 S. Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed. 1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

*Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 821 (4th Cir. 2004).

This Court has considered the Orders by the Bankruptcy Judge, reviewed the record and docket in the Bankruptcy Court, and, after holding a status conference and two show cause hearings, has determined that probable cause exists to prosecute **ROBERT McCOY, JR.** and **MISTY McCOY** for criminal contempt. In accordance with Rule 42(a)(2), Federal Rules of Criminal Procedure, the Court requests that the United States Attorney for the Western District of

---

contempt. (Doc. No. 3). Rather than prosecute, the United States Attorney chose to place McCoy Jr. under a deferred prosecution agreement.

North Carolina prosecute such criminal contempt and investigate any perjurious and fraudulent conduct committed by McCoy Jr. and Misty McCoy.

**IT IS THEREFORE ORDERED** that:

(1) The **UNITED STATES ATTORNEY** for the Western District of North Carolina is requested, in accordance with Rule 42(a)(2), to prosecute this matter, and, if he declines to do so, to advise the Court not later than **JANUARY 9, 2020;**

(2) Separate and apart from prosecuting the criminal contempt under Rule 42(a)(2), the **UNITED STATES ATTORNEY** for the Western District of North Carolina is further requested to conduct a **CRIMINAL INVESTIGATION** into the allegedly fraudulent and perjurious conduct of Robert McCoy Jr. and Misty McCoy; and

(3) **NOTICE** is hereby given to Robert McCoy Jr. and Misty McCoy as follows:

> A charge of Criminal Contempt has been lodged against you as provided herein and for the reasons outlined in Judge Whitley's Orders and this Court's Orders to disclose detailed financial statements; such matter will be tried on March 9, 2020, at 9:30 AM, in the United States Courthouse, Charlotte, N.C. You have a right to be represented by counsel and if you cannot afford counsel the Court will appoint counsel and you have until such date to prepare a defense. You are advised that the essential facts constituting such criminal contempt are contained in the Order of the Bankruptcy Court Finding Certain Defendants in Civil Contempt, (Doc. No. 1-1), the Order and Supplemental Order Recommending Withdrawal of Reference, (Doc. No. 1–2), and the Orders by this Court regarding filing of your financial disclosures (Doc. Nos. 40, 48, 60), documents which accompany this Order. Finally, if you fail to appear as instructed, a warrant will issue for your arrest.

The Clerk of Court is instructed to issue a Summons compelling the attendance of Robert McCoy Jr. and Misty McCoy at trial on **March 9, 2020,** at 9:30 AM, and make a copy of this Order, Judge Whitley's orders (Doc. Nos. 1, 2), and this Court's prior orders (Doc. Nos. 40, 48, 60) for service by the United States Marshal. The United States Marshal shall serve a copy of such documents on:

**ROBERT McCOY Jr.**
3606 Highway 51
Fort Mill, SC 29715

**MISTY McCOY**
11915 John K Hall Way
Charlotte, NC 28277

The Clerk of Court shall send a copy of this Order to counsel of record, the Clerk of the Bankruptcy Court, and to:

**THE HONORABLE R. ANDREW MURRAY, Esq.**
United States Attorney for the Western District of North Carolina

Signed: December 19, 2019

Kenneth D. Bell
United States District Judge