UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| McCOY MOTORS, LLC; MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR.; MISTY MCCOY; FLASH AUTOS, LLC; ROBERT MCCOY III and the MCCOY JOINT REVOCABLE TRUST | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MOTION FOR ORDER RE-REFERENCING ADVERSARY PROCEEDING TO THE UNITED STATES BANKRUPTCY COURT**

NOW COMES Ace Motor Acceptance Corporation ("Plaintiff"), through undersigned Counsel, which files this Motion for Order Re-Referencing Adversary Proceeding to the United States Bankruptcy Court (the "Motion"). Pursuant to Local Rule 7.1(b) the undersigned has conferred in good faith with counsel for the Defendants and they do not, or have not, consented to this Motion.

In support of the Motion, Plaintiff shows the Court as follows:

**A.    Local Rules provide that in general bankruptcy matters will be handled by the bankruptcy court**

1.    On July 30, 1984, this Court established a Local Rule Referencing all Bankruptcy Matters to the Bankruptcy Judge and Providing for Bankruptcy Court Clerk (the "Order of Reference").

2.    The Order of Reference provides in part that:

> The judges of the district court find and conclude that it is the clear intent of Congress to refer bankruptcy matters to bankruptcy judges, that the judge, clerk, and their staff have the specialized expertise necessary for the determination and handling of bankruptcy matters, all of which is in place for the continuation of the appropriate handling of the existing bankruptcy caseload, administratively and otherwise....

**B.     One exception to this Court's general reference of bankruptcy matters, not applicable to this case, concerns the conduct of jury trials**

3.     On May 17, 2011, this Court entered its Order of Reference of Pre-Trial Proceedings in Bankruptcy Adversary Proceedings with Jury Trial Demands, which may be found here: https://www.ncwd.uscourts.gov/sites/default/files/general-orders/Title11.pdf. This Order provides that, in adversary proceedings in the bankruptcy court *in which a jury trial demand has been made*, all pre-trial proceedings are referred to the bankruptcy court (including ruling on dispositive motions) and the actual jury trial is to be held by this Court.

4.     Some of the Defendants in this action have requested a jury trial, but there has been no ruling by the bankruptcy court that the Defendants are entitled to a jury trial.

5.     Prior to the withdrawal of the reference by this Court, with respect to the Defendants' right to a jury trial in this case, Judge Whitley found that:

> ...it appears that there is no jury trial right in this action, at least by McCoy, LLC. By filing a proof of claim in this bankruptcy case against the Debtor, McCoy LLC has consented to the jurisdiction of this bankruptcy court and *waived any right to a jury trial*. *Langenkamp v. Culp*, 498 U.S. 42 (1990). (emphasis added)[1]

**C.     A second exception to this Court's general reference of bankruptcy matters, not applicable to this case, concerns matters that are heard by the bankruptcy court and are submitted to this Court as proposed findings of fact and conclusions of law**

6.     On April 14, 2014 this Court entered an Amended Standing Order of Reference: https://www.ncwd.uscourts.gov/sites/default/files/general-orders/Title11.pdf .

7.     The Amended Standing Order relates to the entry of certain orders by the bankruptcy court which would not be consistent with Article III of the United States Constitution. There are no Article III issues with respect to the orders entered or to be entered by the bankruptcy court in this case. The Defendants herein have not raised any Article III issues, and the bankruptcy court has found that this action is a "core matter under 28 U.S.C. § 157(b)(2)".[2]

8.     Given the lack of Article III issues, the bankruptcy court has the authority to proceed with the resolution of the core civil issues in this case.

**D.     A third exception to this Court's general reference of bankruptcy matters, which is only applicable to this case through the March 9, 2020 criminal trial of Defendant**

---

[1] August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief, page 15, paragraph 95 [Bankr. Doc. No. 26].

[2] *Id.*, page 7, paragraph 37.

**Robert McCoy, concerns the bankruptcy court's lack of authority to impose criminal contempt**[3]

9.   The bankruptcy court recommended that this Court withdraw the reference of this case for a very limited purpose: to use the threat of this Court's criminal contempt power to coerce the Defendants' compliance with the bankruptcy court's orders.[4]

10.   On February 5, 2019, the U.S. District Court withdrew reference of this Adversary Proceeding and split it into two parts, this civil action and a separate criminal proceeding (3:19-cr-000035).

### E.   After the conclusion of Defendant McCoy's criminal trial, the ability of this Court to coerce Defendant McCoy is no longer a relevant factor

11.   The March 9, 2020 criminal trial will represent the penultimate degree of coercion which can be mustered by the judicial system. Defendant McCoy may, or may not, be incarcerated for some period of time for his criminal contempt. In light of the Defendants' continuing contemptuous conduct, and the March 9, 2020 criminal trial, it appears that the bankruptcy court misjudged the likelihood that criminal penalties would lead to Defendant Robert McCoy's compliance. Defendant McCoy has made a choice that he would rather be incarcerated than comply with the orders of this Court and the bankruptcy court.[5] Defendant McCoy will have effectively evaded a large part of his liability to the Plaintiff, and the Plaintiff will have little recourse.

12.   The Plaintiff is satisfied that the bankruptcy court may proceed with a final resolution of the civil claims against the Defendants, and that this Court has done all that it has been asked to do by the bankruptcy court.

13.   The bankruptcy court is best suited to resolve the Plaintiff's civil claims against the Defendants. Judge Whitley has heard the testimony of numerous witnesses in this matter, and he has

---

[3]The bankruptcy court found that "[w]hile the Defendants may also be liable for criminal contempt, bankruptcy courts likely do not have the power to sanction criminal contempt. *See In re Tate*, 521 B.R. at 540." October 19, 2018 Order Finding Certain Defendants in Civil Contempt and Continuing Pretrial Conference, page 15, n. 8 [Bankr. Doc. No. 47].

[4]"Given the limited options, it would appear that incarceration of McCoy would be a next, necessary step to obtain compliance." December 27, 2018 Supplemental Order (To November 21, 2018 Order Recommending Withdrawal of Reference of Adversary Proceeding for Further Civil, and Potentially Criminal, Contempt Proceedings), p. 12, par. 11  [Bankr. Doc. No. 158].

[5]The most detailed enumeration of Defendant McCoy's failure to comply with the bankruptcy court orders is in Appendix A to the bankruptcy court's October 19, 2018 Order Finding Certain Defendants in Civil Contempt and Continuing Pretrial Conference. Defendant McCoy's failures to comply stretch far beyond what has been the focus of this Court's orders (providing financial documents), and what is cited as examples of Defendant McCoy's conduct in the "Factual Basis" filed with the Motion to Lift Stay Due to Defendants' Violation of Pretrial Diversion Agreement [United States of America v. Robert McCoy, Jr. and Misty McCoy, 3:19-cr-000035, Doc. No 25].

had the opportunity to determine the credibility of those witnesses. The Plaintiff is a liquidating Chapter 11 debtor. As assets have been sold, the Plaintiff has reduced its number of employees. The Plaintiff currently has only one employee. The witnesses who testified before the bankruptcy court (and who the Defendants had an opportunity to cross examine) are no longer employed by the Plaintiff. The bankruptcy court, having heard live testimony in connection with Plaintiff's Motion for Preliminary Injunction, is in a better position than this Court to determine how this previous testimony should be used at trial.

WHEREFORE, the Plaintiff prays that the Court enter an Order Re-Referencing Adversary Proceeding to the United States Bankruptcy Court, and that it be provided with such other relief as is appropriate.

Dated: March 4, 2020.

**THE HENDERSON LAW FIRM**

/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28202-2826
Telephone: 704.333.3444
Facsimile: 704.333.5003
Email: henderson@title11.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| McCOY MOTORS, LLC; MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR.; MISTY MCCOY; FLASH AUTOS, LLC; ROBERT MCCOY III and the MCCOY JOINT REVOCABLE TRUST | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **MOTION FOR ORDER RE-REFERENCING ADVERSARY PROCEEDING TO THE UNITED STATES BANKRUPTCY COURT** via ECF to all parties or their attorney of record requesting notice.

Dated: March 4, 2020.

**THE HENDERSON LAW FIRM**

/s/James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28204
Telephone: 704.333.3444
Email: henderson@title11.com