# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00630-KDB

| | |
|---|---|
| ACE MOTOR ACCEPTANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>McCOY MOTORS, LLC;<br>McCOY MOTORS, LLC d/b/a RIDE FAST;<br>ROBERT McCOY, JR.;<br>FLASH AUTOS, LLC;<br>ROBERT MCCOY III; and the McCOY JOINT REVOCABLE TRUST,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Ace Motor Acceptance Corporation's ("Ace") Amended Motion for Order Re-Referencing Adversary Proceeding to the United States Bankruptcy Court. (Doc. No. 84). After carefully considering the motion, the Court will grant the motion for the reasons set forth below.

## I.  BACKGROUND

This case began as an adversary proceeding in the United States Bankruptcy Court for the Western District of North Carolina. Ace, a Debtor in Possession in a liquidating Chapter 11 case, filed the original Complaint in June 2018 in the bankruptcy court, seeking, *inter alia*, injunctive relief prohibiting asset transfers, the recovery of collateral, and damages arising out of breach of contract.

On November 21, 2018, the bankruptcy court issued an order recommending that the United States District Court withdraw reference of the adversary proceeding "for two purposes": (1) "to consider imposition of further civil contempt sanctions in order to obtain compliance with the [prior bankruptcy court] orders or afford compensation made to Ace;" and, (2) "to consider whether [Robert] McCoy [Jr.] and McCoy Motors should be cited for criminal contempt for their repeated failures to abide by orders of this bankruptcy court." (Doc. No. 1, at 2). Thus, the bankruptcy court's primary reason for recommending that the reference in this matter be withdrawn was for this Court to utilize its contempt power to obtain compliance with court orders.

After withdrawing the reference, the district court referred the matter to the United States Attorney for the Western District of North Carolina for prosecution. (Doc. Nos. 3, 71). On March 30, 2020, Robert McCoy, Jr. was found guilty for criminal contempt and sentenced to four months of imprisonment. *See United States v. McCoy*, No. 3:19-cr-35, Doc. No. 49.

On April 13, 2020, the parties advised the Court that the case had settled and that the settlement had rendered Plaintiff's motion to refer this matter back to the bankruptcy court moot. However, the Court has since been informed that the parties are still working out the settlement terms. Defendants have expressed to the Court their consent to referral if the parties agree on the settlement terms, but oppose referral if the parties cannot reach an agreement. Even so, Defendants have failed to respond to the motion or provide the Court with any argument as to why the case should not be referred back to the bankruptcy court.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 157(a) and this Court's Amended Standing Order of Reference, "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district." Amended

Standing Order of Reference, No. 3:14-mc-44; *see also* Administrative Order 63(b)(1), (2) (1984). The bankruptcy judges, clerks, and staff have the specialized expertise in bankruptcy proceedings that makes the bankruptcy court better suited to resolve any remaining issues in this matter.

The Court agrees with Plaintiff that none of the exceptions to the Court's general reference of bankruptcy matters prevents this Court from referring the matter back to the bankruptcy court. First, Plaintiff argues that the exception concerning jury trials does not apply to this case. In 2011, this Court entered an Order of Reference of Pre-Trial Proceedings in Bankruptcy Adversary Proceedings with Jury Trial Demands. No. 3:04-mc-156. This order provides that, in an adversary proceeding in the bankruptcy court in which a jury trial demand has been made, all pre-trial proceedings are referred to the bankruptcy court (including rulings on dispositive motions). At the conclusion of the pre-trial proceedings, the bankruptcy court is to file a Certificate of Readiness for trial with the district court. While some of the Defendants in this matter have requested a jury trial, the Court may refer the case to the bankruptcy court to complete all pre-trial proceedings and file a Certificate of Readiness at the conclusion of those pre-trial proceedings. Moreover, given that the parties are engaged in serious settlement discussions, a trial may never materialize.

Second, Plaintiff argues that the exception concerning the entry of final orders or judgment by a bankruptcy judge that would be inconsistent with Article III of the United States Constitution does not apply to this case. *See* Amended Standing Order of Reference, No. 3:14-mc-44. The Amended Standing Order of Reference provides that "[i]f a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the District Court, hear the proceedings and submit proposed findings of fact and conclusions of

law to the District Court." *Id.* Plaintiff claims that there are no such issues in this case. However, even if there are concerns regarding the entry of a final order or judgment by the bankruptcy court under Article III, this matter may still be referred to the bankruptcy court to hear any remaining proceedings and submit proposed findings of fact and conclusions of law to this Court.

With the resolution of the criminal contempt matter against McCoy, Jr., this Court finds no reason why the Court should not refer this matter back to the bankruptcy court to conduct further proceedings. Accordingly, the Court will grant Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Order Re-Referencing Adversary Proceeding to the United States Bankruptcy Court, (Doc. No. 84), is **GRANTED.** This matter is referred back to the United States Bankruptcy Court for the Western District of North Carolina.

**SO ORDERED.**

Signed: June 16, 2020

Kenneth D. Bell
United States District Judge